# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAROLD LEE O'NEAL[1] | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-13-2873 |
| | | (Related Crim. Case RDB-10-182) |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Pending in the above-entitled case is Defendant's Response in Opposition to Motion for Return of Property (ECF 6) and Plaintiff's Reply thereto (ECF 7). The facts are not disputed by the parties. No hearing is necessary to resolve the matters pending before the Court.

Plaintiff Harold Lee O'Neal ("O'Neal") seeks the return of $4302 in currency which was seized by officers with the federal Drug Enforcement Agency ("DEA") under the following circumstances:

> On February 19, 2010, members of the Baltimore Police Department were working in the 500 block of Gilmore Street. During this time, the detectives approached an individual, later identified as Harold O'Neal, who displayed characteristics of an armed person. Harold O'Neal was about to enter a 2005 Honda Odyssey, . . . occupied by Marcus Clark. The detectives observed that Harold O'Neal had a handgun in his front right pants pocket. Recovered from Harold O'Neal was a loaded 9mm semi-automatic handgun. Harold O'Neal was placed under arrest. Search incident to arrest, the detectives recovered $4,302.00 of U.S. currency and approximately 10 grams of heroin from Harold O'Neal's person . . . . The DEA adoption date was April 5, 2010 and the seizure date was February 19, 2010.

ECF 6-1 at p. 4.

Defendant states that while O'Neal was arrested by the Baltimore Police, his criminal case was picked up by the Bureau of Alcohol, Tobacco and Firearms ("ATF"). The ATF did not

---

[1] The Clerk SHALL CORRECT the docket to reflect the accurate spelling of Plaintiff's last name.

take custody of the $4302 in cash seized. Rather, the cash was turned over to the DEA's Washington Field Office on May 18, 2010. ECF 6 at Ex. A. The DEA adopted seizure of the currency pursuant to its authority under 18 U.S.C. §981(b)(2)(C), which permits the United States to seize property if it "was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency."

In this case, the forfeiture of the currency was an administrative forfeiture and no civil or criminal proceeding was ever commenced by the United States Attorney's Office. Rather, the forfeiture was carried out by the DEA with the assistance of the United States Marshal's Service. ECF 6 at Ex. A, p. 1. Defendant avers that, in accordance with the law requiring notice, newspaper notices were published and seven notices were sent to O'Neal at his last known addresses. *Id*. at pp. 1 – 2. On August 11, 2010, a Declaration of Administrative Forfeiture to the United States was signed pursuant to 19 U.S.C. §1607. *Id*. at Ex. B. On August 17, 2010, a final decision on equitable sharing of the currency was reached and the DEA closed the case on February 2, 2011. *Id*. at Ex. A, pp. 1 – 2.

O'Neal entered a plea agreement on November 1, 2010. *See United States v. O'Neal*, *et al.*, Criminal Case RDB-10-182 (D. Md.) at ECF 29 and 30. He was sentenced to serve 110 months imprisonment on charges of being a felon in possession of a firearm and forfeited his interest in a 9mm semiautomatic firearm. *Id*. at ECF 36 at p. 6. Defendant asserts that, to the extent O'Neal relies upon the fact that the plea agreement and the sentence of this Court makes no mention of forfeiture of the currency at issue here, that currency was already administratively forfeited at the time O'Neal entered the plea and was subsequently sentenced.

In his Reply, O'Neal asserts that the notice provided by the DEA regarding the administrative forfeiture was inadequate because it was sent to his estranged wife at his former

address, when the government knew he was incarcerated at the Chesapeake Detention Facility in Baltimore, Maryland. ECF 7. O'Neal further contends that Defendant has failed to prove that any attempt was made to send notice to him at the detention facility and relies upon *United States v. Minor*, 228 F. 3d 352 (4th Cir. 2000) for his assertion that more was required to meet reasonable notice requirements. Specifically, O'Neal claims that the government was required to send a certified letter, return receipt requested, to the detention facility; establish that a prison official signed for the letter; and produce evidence that mail delivery procedures at the facility were reasonably calculated to ensure receipt of the notice. ECF 7 at p. 5, quoting *Burman v. United States*, 472 F. Supp. 2d 665, 667 (D. Md. 2007).

Under the Civil Asset Forfeiture Reform Act of 2000, which became effective in August, 2000, procedures by which to challenge a declaration of forfeiture on the grounds of improper notice were established. Specifically, under 18 U.S.C. §983(e)

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if:
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Defendant asserts that O'Neal has failed to establish a claim under the statutory provision because he has failed: to offer proof that the currency seized belonged to him through production of photographs, bank records, or titles demonstrating his ownership; to allege the DEA had reason to know of his relationship to the seized currency; to establish the DEA did not take reasonable steps to provide him with notice; and to prove he did not know or have reason to

know of the seizure within sufficient time to file a timely claim. ECF 6. Defendant avers that the notice provided in this case was legally adequate and that actual notice is not required to meet due process requirements.

The Fourth Circuit Court's decision upon which O'Neal relies concerned an arrest made by the DEA on July 30, 1991. *Minor*, 228 F. 3d at 353. When Minor was arrested for parole violations he was in possession of cocaine, a 9 mm semiautomatic pistol, and currency totaling $5214. *Id*. Minor pled guilty to charges of possession of cocaine with intent to distribute and firearms charges on November 5, 1991. *Id*. The DEA initiated administrative forfeiture proceedings against the currency seized in October 1991; notice was published for three consecutive weeks in *USA Today* and three notices were mailed to Minor. *Id*. at 354. Two notices were sent to Minor at his residence, with one addressed to Minor and the other addressed to his wife; the third notice was sent to the Forsyth County Jail, where Minor was detained. *Id*. The notice sent to Minor at the jail was returned to the DEA's forfeiture office marked 'return to sender.' *Id*. No claims were received by the DEA as to the currency seized and it was declared forfeited on December 9, 1991. *Id*. The Fourth Circuit held that the notice provided to Minor was insufficient and noted that "[p]ublication notice and notice to a person's residence while he is imprisoned are 'mere gestures.'" *Id*. at 358 – 9, quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

The *Minor* court went on to set forth specific steps to establish procedures reasonably calculated to provide adequate notice to a person such as O'Neal who is incarcerated at the time of the administrative forfeiture proceedings:

> We anticipate that in most cases the Due Process Clause would be satisfied if the government sent a certified letter, return receipt requested, to the facility at which the prisoner was being housed; a prison official signed for the letter; and the government introduced evidence that mail delivery procedures existed at

> that facility that "were reasonably calculated to ensure that the notice, once addressed to [the inmate], would still reach him upon arrival at the prison (and indeed, would only be accepted were[the inmate] actually present).

*Minor*, 228 F.3d at 358, quoting *United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000). In the instant case, Defendant has provided no evidence that even an attempt was made to send notice to O'Neal at the Chesapeake Detention Facility where he was held as a federal pre-trial detainee. Notice in this case was also published in the *Wall Street Journal*, but there is no evidence that O'Neal had access to that publication as a pre-trial detainee.

As noted, no provision was made for forfeiture of the seized funds in the Judgment and Commitment issued by this Court in O'Neal's criminal case. Rather, the only property mentioned was the gun he possessed at the time of his arrest. Arguably the absence of any mention of the currency in the forfeiture section of the judgment may have served as constructive notice to O'Neal that retrieving the money would require some separate effort on his part. *See Minor*, 228 F.3d at 359 (cause of action accrues on the date party is on reasonable inquiry notice of the forfeiture). However, at the time of sentencing the 30 day period for filing a claim in the administrative forfeiture proceedings had expired and the instant claim was filed within the six-year limitation period applicable to this cause of action. *Id*. at 360 (six year limitation period found in 28 U.S.C. §2401(a) applies).

Defendant also asserts that O'Neal's motion for return of property pursuant to Fed. R. Crim. P. 41(g) is improperly filed because the exclusive remedy for challenging the validity of a forfeiture due to inadequate notice is through 18 U.S.C. §983(e)(5). ECF 6 at p. 7. It is clear, however, under the Fourth Circuit's decision in *Minor* that this Court has equity jurisdiction over the claim that inadequate notice was provided prior to the forfeiture. *See Gordon v. Leeke*, 574

F.2d 1147, 1151 – 52 (4th Cir. 1978) (requiring liberal construction of self-represented pleadings).

The record establishes that the notice provided was not sufficient. Nonetheless, O'Neal has not established that he has a legally cognizable interest in the currency seized. The initial pleading filed in this case was not accompanied by an affidavit establishing the origin of the funds, e.g., salary, gift, or proceeds from a legal sale of assets, nor has O'Neal offered anything other than his possession of the currency at the time of his arrest as a basis for finding he was the owner with a legally protectable interest. Mere physical possession does not suffice as evidence of ownership. *See United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 341 (D. N.J. 2010) (physical possession alone does not constitute dominion or control). This failure of proof is fatal to O'Neal's claim to ownership in the currency seized, notwithstanding the procedural errors noted in providing him with adequate notice. Accordingly, the motion for return of property shall be denied and the civil action dismissed by separate Order which follows.

November 6, 2015                \_\_\_/s/_____
Date                                         RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE